716

Andrew BOTTARI, Plaintiff–Appellee,

v.

David FISHER, Employee of the Village of Ardsley Police Department, Michael Stevenson, Employee of the Village of Ardsley Police Department, Defendants–Appellants.

No. 08–4813–cv.

United States Court of Appeals, Second Circuit.

Aug. 13, 2009.

Fred Lichtmancher, New York, NY, for Plaintiff–Appellee.

Paul E. Svensson, Hodges, Walsh & Slater, LLP, White Plains, NY, for Defendants–Appellants.

PRESENT: GUIDO CALABRESI, B.D. PARKER and REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Defendants–Appellants David Fisher and Michael Stevenson ("police officers") appeal from an order of the United States District Court for the Southern District of New York (Brieant, J. ). The court denied the police officers' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 on grounds of qualified immunity because it found that genuine issues of material fact existed regarding the circumstances of the arrest of Plaintiff–Appellee Andrew Bottari ("Bottari"). The court therefore refused to dismiss Bottari's claims for declaratory relief, damages and attorney's fees arising out of the alleged violation of his federal and state constitutional rights. We assume the parties' familiarity with the underlying facts, procedural history and issues on appeal.

We dismiss this appeal because we lack jurisdiction to hear it. The district court denied the motion because "the [parties'] different views of what took place and the facts ... [were] so great" that there was not "an adequate record ... to dismiss the case" on the basis of a "fact intensive" qualified immunity determination. (Hearing Tr. 6–7, May 16, 2008). Where, as here, the district court denies a summary

judgment motion asserting qualified immunity because of a dispute over genuine issues of material fact, we do not have jurisdiction to hear an appeal of that order because the district court's denial is not a final decision. *Genas v. State of New York Dep't of Corr. Servs.*, 75 F.3d 825, 830 (2d Cir.1996) ("[I]mmediate appeal is not permitted if the district court's denial of summary judgment for qualified immunity rests on a finding that there were material facts in dispute."); *see* 28 U.S.C. § 1291 ("The courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States...."). Since the police officers' submissions do not support their qualified immunity defense on stipulated facts, facts accepted for purposes of the appeal, or the plaintiff's version of the facts, no exception to this rule applies. *See Salim v. Proulx*, 93 F.3d 86, 89–90 (2d Cir.1996).

For this reason, the appeal of the district court's judgment is DISMISSED.